**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RASHAWN EDWARDS | : | |
| | : | |
| Appellant | : | No. 1688 EDA 2017 |

Appeal from the PCRA Order April 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0014637-2011

BEFORE: DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                **FILED SEPTEMBER 25, 2018**

*Pro se* Appellant Rashawn Edwards appeals from the order denying his first Post Conviction Relief Act ("PCRA")[1] petition.  He raises several claims that PCRA counsel was ineffective.  We affirm.

We state the background as follows:

[Aaron] Young allegedly had a dispute with inmate Sean Sullivan over a [prison] job.  Sullivan passed "bangers" [*i.e.*, prison knives,] to [co-defendants Jalik Peay, Appellant, and Haleem Poole,] and devised a plan to attack; the plan included distracting the prison guards so that the perpetrators could invade cell 15 which housed victims Young and Gyton.  Bostic was nearby watching television in a dayroom when he was attacked by the co-defendants.

Bostic died of multiple stab wounds to the neck, chest, back and right arm, one of which partially severed his aorta.  Gyton and Young were seriously injured when they were stabbed in the hand,

_____

[1] 42 Pa.C.S. §§ 9541-9456.

head, arm and stomach by the co-defendants. The perpetrators used shanks and bangers to carry out the bloody attacks.

Police officers interviewed Gyton at Hahnemann Hospital at the time he was being treated for his stab wounds. The officers memorialized Gyton's statements in a document, which was later read into the record at both the preliminary hearing and at trial. In the document, Gyton identifies the co-defendants as the individuals who stabbed the inmate-victims. At trial, however, Gyton testified he did not know who stabbed him, he recanted statements he allegedly made during a prison assessment that indicated he needed to be separated in jail from the co[-]defendants because he feared they would harm him again, and he testified about a letter he sent to the co-defendants explaining that his "story" about them committing the crimes had been fabricated.

Peay, [Appellant,] and Poole were tried together before Judge McDermott. After a seven-day trial, the jury convicted . . . Edwards of two counts each of attempted murder, aggravated assault, and one count each of PIC, prohibited offensive weapons, and criminal conspiracy to commit murder.

*Commonwealth v. Edwards*, 2395 EDA 2013, at 2-3 (Pa. Super. Jan. 21, 2015) (unpublished mem.), *appeal denied*, 125 A.3d 1198 (Pa. Oct. 7, 2015). The trial court sentenced Appellant to an aggregate sentence of nineteen to forty-two years' imprisonment. *Id.* Appellant appealed, and this Court affirmed on January 21, 2015. *Id.*

Appellant filed a timely PCRA petition on October 4, 2016, raising a single claim: trial counsel was ineffective for failing to file a Pa.R.Crim.P. 600 motion. Appellant's PCRA Pet., 10/4/16, at 4. On December 16, 2016, the court docketed Appellant's *pro se* motion to file a supplemental PCRA claim. Appellant alleged that trial counsel was ineffective by failing to file a motion for acquittal, by not requesting proper jury instructions on the "Rule of

Testimonial Evidence," and by not arguing the unreliability of Gyton's testimony during closing argument. Appellant's Mot. to File Suppl. Cl. to PCRA, 12/16/16, at 3. The PCRA court appointed PCRA counsel.

On March 2, 2017, PCRA counsel filed a *Turner*/*Finley*[2] letter, which addressed Appellant's original and supplemental claims. On March 10, 2017, Appellant filed another *pro se* supplemental PCRA petition, claiming that he lacks "transcripts/documents/briefs" from his trial and appeals. Appellant's Suppl. PCRA Pet., 3/10/17, at 3.[3] The petition also included a handwritten letter purportedly by Tommi Williams. In that letter, Williams states he spoke with Gyton (one of the victims), who purportedly said he lied about Appellant being the culprit. *Id.* at Ex. A. The record does not reflect that the PCRA court granted Appellant permission to amend his initial PCRA petition.

On March 16, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss. Appellant did not file a response to the Rule 907 notice. On April 20, 2017, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw.

---

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The supplemental petition did not acknowledge PCRA counsel's *Turner*/*Finley* letter, but Appellant has not raised any issue about not receiving it. The record reflects counsel's petition to withdraw and the court's Rule 907 notice attached the *Turner*/*Finley* letter.

Appellant timely appealed on May 15, 2017. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed a responsive opinion. Appellant raises a single claim:

> The PCRA court erred as a matter of law and abused its discretion when dismissing Appellant's post conviction collateral relief petition adding its imprimatur to appointed PCRA counsel's insufficient and ineffective analysis/investigation of Appellant's PCRA claims/facts denying petitioner his right to the effective assistance of counsel and denying petitioner a fair and meaningful PCRA process.

Appellant's Brief at iv.

Appellant claims PCRA counsel was ineffective by not communicating with him via telephone. *Id.* at 9-10. Because PCRA counsel failed to speak with him, Appellant continues, PCRA counsel failed to obtain statements from "material witnesses." *Id.* at 10-12. Those witnesses, Appellant asserts, would have recanted their inculpatory testimony. *Id.* at 13-14.

Our standard of review is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted). Failure to challenge PCRA counsel's effectiveness in response to the

PCRA court's Rule 907 notice results in waiver of any such claim on appeal. *Id.* at 1198 (holding that "when counsel files a **Turner**/**Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss"); *accord id.* at 1200-01.

Here, Appellant raised the issue of PCRA counsel's effectiveness for the first time on appeal. Because Appellant failed to file a response to the PCRA court's Rule 907 notice, he cannot raise this issue for the first time on appeal. *See id.* at 1198, 1200-01; *see also* Pa.R.A.P. 302. Accordingly, having discerned no error, we affirm the order below. *See Ford*, 44 A.3d at 1194.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/18